IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 4, 2019 Session

**STATE OF TENNESSEE v. ABBIE LEANN WELCH**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Knox County
No. 107201   G. Scott Green, Presiding Judge**

_____

**No. E2018-00240-SC-R11-CD**

_____

HOLLY KIRBY, J., concurring.

I write separately in this case because I respectfully disagree with one point in the majority's analysis, namely, the conclusion that Tennessee Code Annotated § 39-14-402(a) is clear and unambiguous.

This Court has said:

> In determining whether statutory language is ambiguous, courts are not to put on blinders to all considerations outside the specific text in question. In all cases involving statutory construction, judges must look not only at "the language of the statute," but also "its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment."

*Coffee Cnty. Bd. of Educ. v. City of Tullahoma*, 574 S.W.3d 832, 845–46 (Tenn. 2019) (emphasis removed) (quoting *Spires v. Simpson*, 539 S.W.3d 134, 143 (Tenn. 2017)).

In her dissent in the Court of Criminal Appeals below, Judge McMullen talks about the historical concept of burglary, i.e., the subject matter of section 39-14-402, the object of the statute, the wrong or evil it seeks to prevent, and the overall purpose of the statute. *See State v. Welch*, No. E2018-00240-CCA-R3-CD, 2019 WL 323826, at *6 (Tenn. Crim. App. Jan. 23, 2019) (McMullen, J., dissenting). She notes that, "[a]t common law, the offense of burglary involved the breaking and entering another's dwelling at night with the intent to commit a felony." *Id.* (citing *Davis v. State*, 43 Tenn. (3 Cold.) 77, 80 (1866)). She asserts that "[a]pplication of the burglary statute to shoplifting cases like this simply runs counter to the time-honored belief that burglary is

meant to punish a harmful entry." *Id.* (citation omitted). These points are pertinent to determining whether the statute is unambiguous and indicate that the interpretation advocated by the defendant is not unreasonable.

In *Coffee County*, this Court pointed to another factor in the ambiguity determination that is relevant in this case, namely, a longstanding interpretation of the statute. 574 S.W.3d at 846. In *Coffee County*, for thirty years, counties and cities alike had acquiesced in an interpretation of the liquor-by-the-drink tax statutes under which cities distributed the tax proceeds for the benefit of the cities' own school systems. *Id*. at 836. In 2014, Coffee County took the position that the statute required the cities to distribute the liquor-by-the-drink tax proceeds in a way that partly benefitted the county school system. *Id*. at 837. Not surprisingly, the city disagreed with this interpretation. *Id.*

Similar disputes arose between other counties and cities, and several lawsuits ensued. *Id*. at 837–38. The trial courts and the intermediate appellate court reached differing conclusions about whether the language in the liquor-by-the-drink statute was unambiguous and whether it favored the counties or the cities. *Id*. at 844–45.

In holding that the statutory language was not unambiguous, this Court in *Coffee County* pointed specifically to the longstanding interpretation of the statute. It said, "[T]he fact that the cities and counties alike abided by [the City's] interpretation for over thirty years, . . . indicate[s] that the City's interpretation is neither 'nonsensical' nor 'clearly erroneous,' a finding that is necessary in order to deem the statute unambiguous." *Id*. at 846 (quoting *Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011)).

Similarly, in this case, section 39-14-402 has been around since enactment of the 1989 Sentencing Act, about 30 years. As noted in footnote 8 of the majority opinion, even though "the burglary statute has been in effect since 1989, . . . prosecutions under the burglary statute of persons who shoplift after having been banned from a retail establishment for previously shoplifting did not begin until 2015." As in *Coffee County*, the fact that no one thought to apply the burglary statute in this manner until 2015 also indicates that the interpretation advocated by the defendant is not unreasonable.

2

Ultimately, I agree that the interpretation reflected in the majority opinion is the best reading of section 39-14-402, and I fully agree with the remainder of the majority opinion and its holding. However, the alternate interpretation is not unreasonable. For that reason, I respectfully disagree with the majority's conclusion that the statute is unambiguous.

_____
HOLLY KIRBY, JUSTICE